UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-HC-2223-BO

| | |
|---|---|
| **Michael Link Bearfield**, Petitioner, v. **Carlton Joyner,** Warden, Respondent. | **Memorandum & Recommendation** |

On September 28, 2015, Michael Link Bearfield, a state inmate, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (D.E. 1), accompanied by supporting documents (D.E. 1-1). The matter is before the court for an initial review pursuant to Rule 4 of the Rules Governing § 2254 cases in the United States District Courts.

On June 24, 2013, Bearfield pled guilty in Wake County Superior Court to seven counts of robbery with a dangerous weapon, fleeing to elude arrest, possession of a firearm by a felon, breaking and entering a motor vehicle, six counts of larceny, and to being a habitual felon. *See* Pet. at ¶ 2, D.E. 1. Bearfield received sentences of 89 to 116 months imprisonment and 101 to 131 months imprisonment, to run consecutively. *See id.* at ¶ 3*; see also* Supp. Doc. at 12, D.E. 1-1. Bearfield did not appeal. *See* Pet. at ¶ 8–9, D.E. 1. On June 23, 2014, Bearfield filed a motion for appropriate relief with the Superior Court; his motion was denied on August 1, 2014. *Id.* at ¶ 11; Supp. Doc. at 2, D.E. 1-1. Bearfield filed a petition for a writ of certiorari in the North Carolina Court of Appeals, dated October 23, 2014. Supp. Doc. at 12–18. The Court of Appeals denied Bearfield's petition for writ of certiorari on July 7, 2015. Pet. at ¶ 11(b), D.E. 1; *see also*, Supp. Doc. at 1, D.E. 1-1.

After reviewing the petition, the court has determined that Bearfield's habeas petition is untimely. Therefore, the undersigned recommends that the district court dismiss the petition without prejudice.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), requires that a person in custody pursuant to the judgment of a state court file any application for a writ of habeas corpus within one year of the latest of the following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D); *see Frasch v. Peguese*, 414 F.3d 518, 521 (4th Cir. 2005).

The limitation period under section 2244(d)(1) is tolled during the time in which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see Taylor v. Lee*, 186 F.3d 557, 560–61 (4th Cir. 1999). However, the time between when a petitioner's conviction becomes final and when a petitioner files a state application for post-conviction relief will count against the one-year limitation period. *See, e.g.*, *Holland v. Florida*, 560 U.S. 631, 638 (2010); *Hernandez v. Caldwell*, 225 F.3d 435, 438–39 (4th Cir. 2000); *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000). Thus, only the "pending period" is tolled. Once the state's highest court orders a final disposition in the state post-conviction proceedings, the prior limitations period resumes.

2

*See, e.g.*, *Holland*, 560 U.S. at 635, 638; *Hernandez*, 225 F.3d at 438–39; *Harris*, 209 F.3d at 327.

Subsection (A) of section 2244(d)(1) requires the court to determine when Bearfield's judgment became final. *See* 28 U.S.C. § 2244(d)(1)(A). Bearfield's conviction became final on July 8, 2013, fourteen days after the Superior Court entered judgment when his deadline to file a notice of appeal expired. *See* N.C.R. App. P. 4(a)(2). The federal limitations period then ran for 350 days until Bearfield filed his Motion for Appropriate Relief ("MAR") on June 23, 2014. *See* Pet. at ¶ 11(a), D.E. 1. The filing of Bearfield's MAR tolled the deadline for his habeas claims and the period remained tolled through July 7, 2015, when the North Carolina Court of Appeals denied his petition for writ of certiorari.[1] Bearfield had 15 days remaining, up to July 22, 2015, to file his federal habeas petition. *See* 28 U.S.C. § 2244(d)(2). However, he did not file his petition until September 28, 2015,[2] sixty-eight days after the limitations period expired. Bearfield does not contend that equitable tolling applies to extend the limitations period in his case. *See* Pet. at ¶ 18, D.E. 1. Thus, Bearfield's federal habeas petition is untimely and should be dismissed.

Based on the foregoing, the undersigned recommends that the district court dismiss Bearfield's petition without prejudice as untimely.

Furthermore, the court directs that the Clerk of Court serve a copy of this Memorandum and Recommendation on petitioner. Petitioner shall have until 14 days after service of the Memorandum and Recommendation on petitioner to file written objections to the Memorandum

---

[1] Bearfield's petition for writ of certiorari in the North Carolina Court of Appeals is signed October 23, 2014. *See* Pet. Cert., Supp. Doc. at 12–18, D.E. 1-1. However, it was not filed until June 25, 2015. *See* Court of Appeals Order, Supp. Doc. at 1, D.E 1-1. The Court of Appeals denied the petition on July 7, 2015. *See id.*
[2] The court notes that Bearfield signed his petition on September 1, 2015. Pet. at 14, D.E. 1. However, even if it were mailed on that date, the petition would still be untimely.

3

and Recommendation. The presiding district judge must conduct his or her own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If petitioner does not file written objections to the Memorandum and Recommendation by the foregoing deadline, petitioner will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, petitioner's failure to file written objections by the foregoing deadline will bar petitioner from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, **766 F.2d 841, 846-47 (4th Cir. 1985).**

Dated: April 12, 2016

*Robert T. Numbers II*

ROBERT T. NUMBERS, II
UNITED STATES MAGISTRATE JUDGE